**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

RAYMOND JAMES & ASSOCIATES, INC.,

    Plaintiff/Counter-Defendant,

v.                                                                 Case No. 2:18-cv-02104-JTF-tmp and
                                                               Case No. 2:21-cv-02433-JTF-tmp

50 NORTH FRONT ST. TN, LLC,

    Defendant/Counter-Plaintiff.

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING THE ADJUDICATION OF DEFENDANT'S MOTION TO DISMISS / MOTION TO STRIKE, OR, IN THE ALTERNATIVE, MOTION TO QUASH OR MODIFY THE MADISON SUBPOENA AND FOR A PROTECTIVE ORDER IN RELATION TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TO REVISE THE PRIOR ORDERS OF THE COURT CONCERNING THE MADISON SUBPOENA AND PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

        COMES NOW the Defendant/Counter-Plaintiff, 50 North Front St. TN, LLC ("Landlord"), by and through counsel, and respectfully submits the following Reply Brief in support of the Motion (ECF 418) that it filed on May 11, 2022.

**LAW AND ARGUMENT**

**A.**    <u>**The Court should stay further discovery pending the Court's ruling on Landlord's Motion to Dismiss.**</u>

        In the case at bar, good cause exists to stay further discovery pending the Court's ruling on Landlord's pending Motion to Dismiss (ECF 396). The parties already have engaged in extremely broad discovery in connection with the dismissed claims in RJA's First Amended Complaint ("FAC"). Granting a stay will benefit both parties and the Court by obviating the time and expense

of conducting further discovery pending a ruling on Landlord's Motion to Dismiss the remaining claims in RJA's Second Amended Complaint ("SAC"). RJA will not be prejudiced by this stay.

In its Response (ECF 423), RJA argues that Landlord's request to stay discovery should be denied because Landlord's Motion to Dismiss does not pertain to the pending claims in the Consolidated Action filed under Case No. 2:21-cv-02433. (See RJA's Response, ECF 423, PageID 7884). This argument is completely misplaced because all proceedings in the Consolidated Action are already stayed. (See Order, ECF 387). Furthermore, in its Response, RJA did not claim that it needs further discovery to defend against Landlord's pending Motion to Dismiss.[1] This fact weighs heavily in favor of a stay pending a ruling on Landlord's Motion. See Romar Sales Corp. v. Seddon, Case No. 1:12-cv-838, 2013 U.S. Dist. LEXIS 4485 (W.D. Mich. Jan. 11, 2013) (the lack of need for discovery to respond to a pending motion to dismiss weighs heavily in favor of a stay); Malone v. Calvary Portfolio Servs., Case No. 3:14-cv-428-CRS, 2015 U.S. Dist. LEXIS 196401 (W.D. Ky. May 7, 2015) (same). Thus, RJA has not asserted any legitimate basis for this Court to deny Landlord's request for a stay of discovery.

B.  **The dismissal of the claims in RJA's FAC materially changed the scope of discovery in this case and most, if not all, of RJA's prior discovery requests seek documents that are irrelevant to the remaining claims in the case.**

In its Response, RJA erroneously claims that the dismissal of its FAC did not change the scope of discovery in this lawsuit. The discovery requests in RJA's First and Second Request for Production of Documents to Landlord (ECF 423-3 and 423-4) and the subpoena duces tecum served on Madison Realties, LLC (ECF 73-1) were all predicated on the dismissed claims in RJA's FAC. The remaining claims pending under Case No. 2:18-cv-02104 are confined to: (i) Landlord's

---

[1] Landlord's Motion to Dismiss already has been fully briefed by the parties.

counterclaims based on the fraudulent misrepresentations in the Estoppel Certificate that RJA signed on January 13, 2015, and (ii) the discrete fraud claim in RJA's SAC that is unrelated to the dismissed claims in RJA's FAC.

As demonstrated in Landlord's Response to RJA's Third Motion for Discovery Sanctions (ECF 427),[2] which is incorporated herein by reference, discovery relating to the remaining claims under Case No. 2:18-cv-02104 involves a materially different scope of discovery, both in content and in timeframe, in comparison to the dismissed claims in RJA's FAC. As noted in Coppola v. Smith, Case No. 1:11-cv-1257-AWI-BAM, 2015 U.S. Dist. LEXIS 45164 (E.D. Cal., Apr. 6, 2015), the scope of discovery should be based on the theory of liability as defined by the pleadings and the Court's prior orders of dismissal. (Id. at *14-15). In Coppola, the District Court correctly concluded that the plaintiff's discovery requests exceeded the permissible scope of discovery given the prior dismissal of claims in the case. (Id.) The same holds true in the case at bar.

In its Response, RJA claims that the discovery that it propounded in connection with the dismissed claims in its FAC "remains highly relevant to numerous aspects of the now Consolidated Action which was filed under Case No. 2:21-cv-02433-JTF-tmp." (See RJA's Response, ECF 423, PageID 7886). However, RJA's reliance on the claims in the Consolidated Action to justify the production of additional documents in discovery is woefully misplaced because the Consolidated Action has been stayed pending the outcome of the first case filed under Case No. 2:18-cv-02104. (See Order, ECF 387).

---

[2] In Landlord's Response, the ECF Nos. for RJA's First and Second Request for Production of Documents were erroneously referenced as ECF Nos. 307 and 688. (See ECF 427, PageID 8038). As noted above, the correct ECF Nos. for these pleadings are ECF Nos. 423-3 and 423-4, respectively.

**C.      Landlord's Motion is predicated on a justifiable need for guidance and clarification from the Court concerning its duty, if any, to produce additional documents in response to the discovery requests that RJA propounded in connection with the dismissed claims in its FAC.**

Throughout this litigation, RJA has endeavored to weaponize the discovery process. RJA propounded extremely broad discovery requests in connection with the dismissed claims in its FAC. Landlord tried to work with RJA to establish exclusionary keywords to narrow the search results for documents responsive to its discovery requests. However, RJA insisted on the use of extremely broad search terms. When that approach resulted in Landlord producing a large batch of documents in discovery, RJA moved the Court to sanction Landlord for engaging in an alleged "document dump." If Landlord succumbed to RJA's new demands to produce additional documents in response to RJA's previous discovery requests while the current scope of discovery remains in dispute, Landlord would be put in a difficult, if not impossible, position. If Landlord produced additional documents while the relevant scope of discovery remains unsettled, Landlord would run the risk of RJA filing another motion for sanctions against Landlord based on RJA's contention that Landlord did not perform an appropriate responsiveness review for the produced documents. Furthermore, succumbing to RJA's unreasonable demands for Landlord to produce documents responsive to RJA's prior discovery requests through the current date would likely force Landlord to incur over $100,000.00 in attorney fees and litigation expenses, despite the fact that RJA's discovery requests were propounded in connection with dismissed claims rather than the remaining claims in the lawsuit. Based on the foregoing, Landlord was substantially justified in filing its Motion (ECF 418) with this Court.

**D.      RJA's position concerning the applicable time span for the production of documents in response to the Madison subpoena and RJA's Request for Production of Documents is incorrect.**

In its Response, RJA claims that there is an ongoing obligation to produce documents in response to the Madison subpoena pursuant to Fed. R. Civ. P. 26(e)(1). (See ECF 423, PageID 7888). However, this argument overlooks the fact that Madison is not a party to these proceedings. In light of the foregoing, Madison does not have an ongoing duty to produce documents responsive to the subpoena through the present date.[3] See Alexander v. FBI, 192 F.R.D. 37 (D.D.C. 2000). Although Landlord has a supplementation duty under Fed. R. Civ. P. 26(e)(1), this duty should be viewed in the context of the proper scope of discovery under Rule 26 given the dismissal of RJA's FAC. Respectfully, the duty of supplementation under Fed. R. Civ. P. 26(e)(1) should not require a party to supplement prior discovery responses in relation to dismissed claims.

**E.      Landlord's reliance on Local Rule 7.3(b) and Fed. R. Civ. P. 54(b) to support the relief requested in its Motion is well taken.**

In its Response, RJA erroneously claims that Landlord's reliance on Local Rule 7.3(b) and Fed. R. Civ. P. 54(b) to support the relief requested in its Motion is misplaced because no material difference in fact or law has occurred. Local Rule 7.3(b) expressly authorizes the revision of an interlocutory order based on the occurrence of new material facts or a change of law. The discovery orders previously entered by the Court all dealt with discovery requests that were predicated on the dismissed claims in RJA's FAC. The dismissal of these claims materially changed the applicable scope of discovery in this case. The dismissal of RJA's FAC represents an occurrence of new material facts that warrants the revision of the prior discovery orders of this Court. The parties should not be forced to incur unnecessary time and expense continuing to respond to

---

[3] The document production date in the Madison Subpoena was August 13, 2018.

5

discovery requests that are no longer relevant to the issues pending before the Court. Furthermore, this Court should not waste its time and resources addressing disputes over discovery requests that have no applicability to the remaining claims in the case.

Relief under Fed. R. Civ. P. 54(b) also is expressly authorized when new evidence is available and/or when the revision of an order is necessary to prevent manifest injustice. <u>Rodriquez v. Tenn. Laborers Health & Welfare Fund</u>, 89 Fed. Appx. 949 (6th Cir. 2004). The dismissal of RJA's FAC represents new evidence that modifies the scope of discovery in this cause and warrants the revision of the Court's prior discovery orders in relation to Landlord's prospective duty, if any, to produce additional documents in response to RJA's prior Requests for Production of Documents. Furthermore, it would be manifestly unjust for Landlord to be forced to incur the substantial expense of having to continue producing documents in discovery that pertain to the dismissed claims in RJA's FAC. Based on the foregoing, proper grounds exist for this Court to revise its prior discovery orders pursuant to Fed. R. Civ. P. 54(b).

        Respectfully submitted,

        BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

By:   /s/ Michael G. McLaren
       Michael G. McLaren (5100)
       John C. Ryland (#16878)
       530 Oak Court Drive, Suite 360
       Memphis, Tennessee 38117
       (901) 762-0535
       (901) 762-0539 – fax
       mmclaren@blackmclaw.com
       jryland@blackmclaw.com
       *Attorneys for Defendants 50 North Front St. TN, LLC*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this 15th day of July, 2022, through the Court's ECF System:

Niel Prosser, Esq.
Rob Clapper, Esq.
Kyle Johnson, Esq.
THE PROSSER LAW FIRM, PLC
Suite 300
5865 Ridgeway Center Parkway
Memphis, Tennessee 38120

John R. Branson, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

               /s/ Michael G. McLaren