IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| 50 NORTH FRONT ST. TN, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:21-cv-02433-JTF-tmp |
| vs. | : | |
| | : | |
| RAYMOND JAMES & ASSOCIATES, INC. | : | |
| | : | |
| Defendant. | : | |

## 50 NORTH'S MEMORANDUM IN OPPOSITION TO RJA'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, 50 North Front St. TN, LLC ("50 North"), by and through counsel, respectfully submits the following response in opposition to the Motion for Judgment on the Pleadings [Doc. 43] ("Motion") filed by Defendant, Raymond James & Associates, Inc. ("Raymond James" or "RJA").

## INTRODUCTION

Raymond James used excess storage space in contravention of the Lease, and Raymond James should not get that benefit for free. All three claims plead by 50 North with respect to RJA's use of excessive storage space are valid:

- The Lease contained a clause that limited RJA's use of storage space. RJA breached this provision by using more than the allotted space. RJA did not pay for its use, and thus 50 North suffered damages. These facts plausibly state a claim for breach of contract.

- In the alternative that the contract does not control, RJA received a benefit by using the excess storage space. RJA retained that benefit without paying 50 North for the benefit

- RJA received. Because it would be inequitable for RJA to get the storage space for free, 50 North has plausibly stated a claim for unjust enrichment.

- In the alternative, the facts alleged regarding RJA's use of the excess storage space plausibly state a claim for trespass.

For all of these reason, RJA's Motion should be denied.

## LEGAL STANDARD UNDER RULE 12(c)

Courts apply essentially the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).

"When ruling on a defendant's motion to dismiss on the pleadings, a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-575 (6th Cir. 2017).

## FACTUAL ALLEGATIONS IN THE COMPLAINT

RJA entered into a commercial lease (the "Lease") with the previous owner of the building situated at 50 North Front St. in Memphis, TN. *Complaint*, Doc. 1, ¶7. 50 North subsequently acquired the building and the Lease was assigned to it. *Id.* A copy of the Lease and an Addendum of Special Stipulations was attached as Exhibit A to the Complaint. See Doc. 3.

Section 4(a) of the Addendum of Special Stipulations allowed RJA to use 5,000 square feet of storage space without paying additional rent. *Complaint*, ¶9; *Addendum of Special Stipulations*, Doc. 3, §4(a), PAGEID# 48. In contravention of this provision, RJA used a total of 12,544 square feet of storage space – 7,544 more than permitted under Section 4(a) of the Addendum of Special Stipulations. *Complaint*, ¶11.

RJA admitted that it was using more than the 5,000 square feet of allotted free storage space, but RJA refused to pay anything for the excess usage. *Id.* at ¶12. Because RJA was using more space than permitted under the Lease, 50 North issued an invoice to RJA using the agreed-upon rate per square foot set forth in the Lease. *Id.*; see also, *Invoice*, Exhibit B to Complaint, Doc. 3-1, PAGEID# 96. After RJA refused to pay this invoice, 50 North issued a notice of default to RJA requesting that RJA cure its default. *Complaint*, ¶13. RJA did not cure its default. *Id.* at ¶14. Ultimately, 50 North notified RJA that, consistent with Section 32 of the Lease, that 50 North was terminating RJA's right of possession. *Id.* at ¶17. RJA did not immediately return possession to 50 North. *Id.* at ¶20.

## ARGUMENT

**A.    50 North Has Plead a Claim for Breach of Contract.**

"The essential elements of any breach of contract claim are: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *U.S. ex rel. Damon-Marcus Co. v. Semper Fi Constructors, LLC*, 2015 U.S. Dist. LEXIS 183586 (W.D. Tenn) (citing *Hampton v. Macon Cnty Bd. of Educ.*, 2014 Tenn. App. LEXIS 10 (Tenn. Ct. App.)).

Here, 50 North has provided facts supporting each element – the Lease exists, RJA breached Section 4(a) of the Addendum of Special Stipulations by occupying 12,544 square feet

of storage space rather than the permitted maximum of 5,000, and 50 North was damaged by this because RJA was occupying space that it was not entitled to occupy without payment. *See e.g., Complaint*, ¶¶ 7, 9, 10-16.

Against this seemingly uncomplicated claim, RJA's Motion for Judgment on the Pleadings argues that because the Lease did not include a line-item precisely calculating how much RJA must pay for its excessive storage usage, 50 North cannot assert a claim for breach. *Motion*, Doc. 43, PAGEID# 422 ("50 North fails to state a claim for breach of contract because the Lease nowhere requires the payment of 'Rent' for the use of additional storage space."). But this contention misses the point – the breach is RJA's occupancy of space not permitted by the Lease. While the parties dispute the nature of the legal and economic fallout from this straightforward breach, this has no bearing on whether 50 North has *entirely failed* to state a claim for breach of contract.

RJA cites three cases supporting its misguided characterization of 50 North's claim. *Borchert Enterprises, Inc. v. Webb*, 584 S.W. 2d 208 (Tenn Ct. App. 1978) involved an analysis of whether revenue generated by a convenience market's pinball machines applied to a rent clause requiring the convenience store to pay to landlord additional rent based on the store's "gross sales." The court's analysis involved an in-depth discussion on whether pinball machine revenue constituted a "sale" under Tennessee's commercial transactions statute. *Center Great Neck Co. v. Penn Encord, Inc.*, 715 N.Y.S. 2d 71 (N.Y. App. Div. 2d 2000) involved a dispute regarding a landlord's contention that the tenant did not comply with a provision that the premises must be surrendered in the same condition as the condition that existed at the commencement of the lease. It is unclear how *Borchert Enterprises* or *Center Great Neck Co.* have any application to this matter.

*Northstar Partners v. Marsh Supermarkets, Inc.*, 157 Fed. Appx. 932 (7th Cir. 2005) does, at least, factually involve a tenant expanding its use of leased space. But any similarity ends there. In *Northstar Partners*, the trial court concluded on summary judgment that a tenant's construction project expanding the leased premises did not require the payment of additional rent because "[t]he lease anticipated the expansion, and provided that 'no addition, alteration, or remodeling shall be cause for the modification of any of the terms and provisions hereof.'" *Id.* at *2. The Seventh Circuit affirmed, noting that the economically sensical reading of that lease was that the tenant was required to pay for the expansion, but the landlord kept the improved space to lease in the future. *Id.* at *12. Thus, the landlord lost in *Northstar Partners* because the lease specifically disclaimed the landlord's ability to recoup rent for the expansion. The Lease at issue in this case contains no such provision. To the contrary, as a matter of basic logic, capping RJA's free storage space at 5,000 square feet compels the conclusion that the parties intended for RJA to pay for storage space in excess of that amount.

**B.    In the Alternative, RJA Must Pay for Its Use of the Excess Storage Space Pursuant to 50 North's Unjust Enrichment Claim.**

The elements of an unjust enrichment claim are (1) "a benefit conferred upon the defendant by the plaintiff," (2) "appreciation by the defendant of such benefit," and (3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). "A benefit is any form of advantage that has a measurable value including the advantage of being save from an expense or loss." *Id.*

RJA does not argue that 50 North's Complaint fails to plead the elements for an unjust enrichment claim. Rather, RJA argues that the Lease bars 50 North's unjust enrichment claim because the Lease covers the same subject matter. Essentially, RJA is talking out of both sides of

5

its mouth. With respect to the breach of contract claim, RJA argues there is no provision covering the payment of rent for excess storage space and thus it cannot breach. But then with respect to 50 North's unjust enrichment claim, now the Lease does cover that subject matter barring the claim.

Of course, alternative pleading is permitted. *See* Fed. R. Civ. P. 8(a)(3) (pleading "may include relief in the alternative or different types of relief."). 50 North's Complaint explicitly acknowledges that its unjust enrichment claim is in the alternative:

> In refusing to pay Landlord for rent for the additional space that RJA used and occupied in the Building, RJA has claimed that the parties' Lease does not impose any obligation to RJA to pay rent for the additional storage space that it used on the 11th floor of the Building. While Landlord disputes RJA's aforementioned position, should the Court agree with RJA's position, Landlord is still entitled to recover damages from RJA based on Landlord's alternative claim for quantum meruit/unjust enrichment.

*Complaint*, Doc. 1, ¶31.

In other words, 50 North has alleged, in the alternative, that if the Lease does not provide a remedy for RJA's use of the excess storage space, then the Lease does not cover the "same subject matter" as the unjust enrichment claim, and the claim is not barred.

**C.      RJA Concedes 50 North Has Stated a Claim for Trespass.**

Confusingly, RJA seeks dismissal of 50 North's trespass claim on the basis of the claim being time-barred while conceding that a portion of the trespass claim is not time-barred. It is not clear how the Court can partially dismiss a claim under a FRCP 12(c) motion for judgment on the pleadings. Because the claim is admittedly viable, the claim should survive, with the statute of limitations issue to be addressed via dispositive motion or at trial.

Assuming some kind of partial dismissal ruling can be made pursuant to a motion for judgment on the pleadings, 50 North has alleged facts making the entirety of the trespass claim timely. In Tennessee the "statute of limitations begins to run when the injury is discovered, or in

6

the exercise of reasonable care and diligence, the injury should have been discovered." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). The Complaint alleges that 50 North discovered RJA excessive use of storage space around December 19, 2019. *Complaint*, Doc. 1, ¶12. The Complaint was filed on June 25, 2021, roughly 18 months after the trespass was discovered. As trespass has a three-year statute of limitations, the claim was timely-filed.

## CONCLUSION

For all of the reasons stated above, RJA's Motion for Judgment on the Pleadings should be denied.

Dated: July 28, 2025                      Respectfully Submitted,

**50 NORTH FRONT ST. TN, LLC,**

By:     */s/ Coleman J. Braun*
Coleman J. Braun
ADAMS & REESE LLP
1600 West End Ave. Ste. 1400
Nashville, TN 37203
Tel. (901)524-3234
Fax (901)524-5392
Cole.braun@arlaw.com
*Counsel for 50 North Front St. TN, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2025, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notification to all registered parties.

      By:    */s/ Coleman J. Braun*
                   Coleman J. Braun